Weygandt, C. J.
The single question before this court for consideration at this time is whether the trustee is entitled to interest on the $20,000 at the rate of six per cent per annum, as held by the Court of Probate, or at the rate of two and one-half per cent, as held by the Court of Appeals.
The pertinent provision of the testator’s will reads as follows:
“Out of the balance that is left of my estate if any, I then bequeath to Latham Lodge No. 154 Free and Accepted Masons of which I am a member at this time at Kenton, Ohio, twenty thousand dollars ($20,000) to be known as the Shanafelt Fund and this full amount to be invested in U. S. government bonds at all times and the interest derived therefrom to be divided among the poor people of Kenton, Ohio, in cash money during the months of December and January of each and every year and if the money is not so invested and so expended then this bequeath [sic] is to be void and the money returned to my estate and divided among my nephews and nieces as named below. ’ ’
Section 2109.42, Revised Code, provides:
“A fiduciary who has funds belonging to a trust which are *260 not required for current expenditures shall, unless otherwise ordered by the Probate Court, invest or deposit such funds within a reasonable time according to Section 2109.37 of the Revised Code. On failure to do so such fiduciary shall account to the trust for such loss of interest as is found by the court to be due to his negligence.”
And in the syllabus in the case of Gray et al., Exrs., v. Case School of Applied Science, 62 Ohio St., 1, this court held:
“In this state a general legacy bears interest, at the legal rate, from the end of the first year from date of the notice of the appointment of the executor, unless it be clearly apparent that the testator did not so intend.”
In his opinion Davis, J., commented:
“It has heretofore been a rule in Ohio, as elsewhere, that a general legacy shall bear interest at the legal rate from the end of the first year from the testator’s death, unless it shall be apparent that the testator did not so intend. In other words, it is an established rule of construction, in contemplation of which the testator is presumed to have made his bequest, and which will only be overturned when the testator clearly manifests a different intention.”
That decision has not been overruled or modified. However, under the present provisions of Section 2113.25, Revised Code, an executor or administrator should, so far as he is able, make distribution to legatees or distributees within nine months after the date of his appointment.
But, under the circumstances of this case, what shall be the rate of interest?
Concededly the statutory “legal” rate of interest in Ohio is six per cent per annum. The trustee contends that the Court of Appeals was in error in holding that the rate in this instance should be two and one-half per cent instead of six. However, the decision was based on a particular circumstance, namely, that in his will the testator provided that ‘ ‘ this full amount * * * be invested in U. S. government bonds at all times.” During that period the maximum rate paid on government bonds was two and one-half per cent, and, had the testator’s instructions been obeyed, that would have been the rate of return realized. Hence, it was considered that this was the maximum *261 rate of return the testator had in mind. This court concurs in that view.
Although the executors have filed no cross-appeal or cross-assignment of error in this court, they contended in the lower courts that no interest whatsoever should be paid. In support of their position they emphasized that the estate was involved in extended litigation reaching this court in Danner et al., Exrs., v. Shanafelt, 159 Ohio St., 5, 110 N. E. (2d), 772; that the lodge declined to accept the trusteeship; that the Court of Probate did not order them to invest the fund; that during a large part of the period there was no trustee; and that during much of the period the local bants were paying no interest on savings accounts. But it was held that these facts did not preclude the executors from investing the fund in government bonds as directed by the testator, and, as previously stated, no appeal has been perfected from that order.
Hence, this court is of the view that under the particular circumstances in this ease the judgment of the Court of Appeals is not erroneous and must be affirmed.

Judgment affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.